**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC.; a Delaware corporation, DC COMICS, a New York general partnership; TURNER ENTERTAINMENT CO., a Delaware corporation; HANNA-BARBERA PRODUCTIONS, INC., a Delaware corporation, THE CARTOON NETWORK, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>    v.<br>MIDJOURNEY, INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 25-8376<br><br>**NOTICE OF RELATED CASES**<br>**[CIVIL L.R. 83-1.1.3]** |

Pursuant to Local Rule 83-1.3.1, Plaintiffs Warner Entertainment Inc., DC Comics, Turner Entertainment Co., Hanna-Barbera Productions, Inc., The Cartoon Network, Inc. (collectively, "Warner Bros. Discovery") hereby give notice that this action is related to *Disney Enterprises Inc., et al. v. Midjourney, Inc.* (Case 2:25-cv-05275-JAK-AJR) (the "Disney/Universal Action") which was filed on June 11, 2025 and is pending before Judge John A. Kronstadt.

Under Local Rule 83-1.3.1, cases are related if, among other things, they "(a) arise from the same or closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons that would entail substantial duplication of labor if heard by different judges." Both sub-paragraphs (b) and (c) are satisfied here because the Disney/Universal Action and this action both give rise to the same or substantially similar questions of law and fact that would result in substantial duplication of labor if overseen by two of this District's judges.

In both the Disney/Universal Action and this action, the plaintiffs are among the largest movie and television studios (Disney, Universal, and Warner Bros. Discovery) and own some of the world's most valuable copyrighted characters like Darth Vader, Spider-Man, the Minions, Shrek, Superman, and Batman. The defendant in each case is Midjourney, Inc. ("Midjourney") which owns and operates an artificial intelligence (AI) image and video generation service, allowing Midjourney subscribers to submit a text prompt and receive a downloadable, high-quality image or video in response.  Specifically, if a Midjourney subscriber requests an image featuring one of the plaintiffs' copyrighted characters doing any number of actions, the Midjourney service will generate, display, and make available for download a high-quality image and video featuring the requested character doing the requested action.

The Disney/Universal Action and this action consist of nearly identical causes of action. Each of the movie studio plaintiffs allege that Midjourney, through its image and

video generation service, directly infringes plaintiffs' copyrighted characters and works.[1] Plaintiffs in both lawsuits further allege, in the alternative, that if Midjourney is not liable for direct copyright infringement, it is at least liable for secondary copyright infringement.

Accordingly, both cases will require the Court to adjudicate the same or substantially related or similar questions of law and, if necessary, will require a jury to determine virtually identical fact issues concerning Midjourney's service and conduct, including without limitation: (i) whether Midjourney's image and video service directly infringes plaintiffs' copyrighted works and characters; (ii) whether Midjourney's anticipated defense of fair use is viable and excuses its copyright infringement; (iii) whether, in the alternative, Midjourney is liable for secondary copyright infringement; and (iv) whether Midjourney has willfully infringed plaintiffs' copyrights. Allowing these cases to proceed separately and without being related would necessarily result in "substantial duplication of labor if heard by different judges" (L.R. 83-1.3.1 (c)), as well as duplicative testimony from witnesses and duplicative briefing by the parties.

Additionally, if the cases are not related (and, ideally, consolidated), there is a risk of potentially conflicting rulings on legal and/or factual disputes.[2]

For the foregoing reasons, the Court should designate this action as related to the Disney/Universal Action pursuant to Local Rule 83-1.3.1.

---

[1] *See* Dkt. No. 1 at ¶¶ 153–187; *Disney Enterprises Inc., et al.*, 2:25-cv-05275-JAK-AJR, Dkt. No. 1 at ¶¶ 201–235.

[2] Warner Bros. Discovery intends to meet and confer with Midjourney to seek their consent to consolidate this action for all purposes with the Disney/Universal Action. The plaintiffs in the Disney/Universal Action, which share the same counsel as Warner Bros. Discovery's counsel, have already consented to consolidation.

1 | Dated: September 4, 2025           JENNER & BLOCK LLP
2
3                                    By:     /s/ *David R. Singer*
4                                              David R. Singer
                                                Julie A. Shepard
5                                               Lauren M. Greene
6
                                     Attorneys for Plaintiffs
7
8                                    WARNER BROS. ENTERTAINMENT
                                     INC., DC COMICS, TURNER
9                                    ENTERTAINMENT CO., HANNA-
                                     BARBERA PRODUCTIONS, INC., THE
10                                   CARTOON NETWORK, INC.

3
NOTICE OF RELATED CASES