**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>MIDJOURNEY, INC.,<br><br>             Defendant. | Case No. 2:25-cv-08376-JAK-E<br><br>**JOINT STIPULATION TO CONSOLIDATE CASES** |
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>MIDJOURNEY, INC.,<br><br>             Defendant. | Case No. 2:25-cv-05275-JAK-AJR |

The parties, Warner Entertainment Inc., DC Comics, Turner Entertainment Co., Hanna-Barbera Productions, Inc., and The Cartoon Network, Inc. (collectively, "Warner Bros. Discovery"), plaintiffs in the action *Warner Bros. Entertainment Inc., et. al. v. Midjourney, Inc.*, Case No. 2:25-cv-08376-JAK-E; Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation (collectively, "Disney"), and Universal City Studios Productions LLLP and DreamWorks Animation L.L.C. ("collectively, "Universal"), plaintiffs in the action *Disney Enterprises Inc., Universal City Studios Productions LLLP*, *et. al. v. Midjourney, Inc.*, Case No. 2:25-cv-05275-JAK-AJR; and Midjourney, Inc. ("Midjourney"), defendant in both actions (collectively, the "Parties"), by and through their respective counsel of record, have conferred and hereby stipulate to consolidate the actions *Disney Enterprises, Inc., Universal City Studios Productions LLLP*, *et. al. v. Midjourney Inc.*, Case No. 2:25-cv-05275-JAK-AJR and *Warner Bros. Entertainment Inc., et. al. v. Midjourney Inc.*, Case No. 2:25-cv-08376-JAK-E pursuant to Federal Rule of Civil Procedure 42(a) as follows:[1]

WHEREAS, presently pending in this Court are two related actions identified below:

1. *Disney Enterprises, Inc., Universal City Studios Productions LLLP et. al. v. Midjourney, Inc.*, United States District Court, Central District of California, Case No. 2:25-cv-05275-JAK-AJR (the "Disney/Universal Action"); and

2. *Warner Bros. Entertainment Inc. et. al. v. Midjourney, Inc.*, United States District Court, Central District of California, Case No. 2:25-cv-08376-JAK-E (the "Warner Bros. Discovery Action");

WHEREAS, on June 11, 2025, Disney and Universal filed their complaint asserting copyright infringement claims against Midjourney;

---

[1] A substantially identical Joint Stipulation to Consolidate Cases and associated [Proposed] Order is being filed in *Disney Enterprises Inc., Universal City Studios Productions LLLP*, *et. al. v. Midjourney, Inc.*, Case No. 2:25-cv-05275-JAK-AJR.

WHEREAS, on September 4, 2025, Warner Bros. Discovery filed its complaint asserting copyright infringement claims against Midjourney;

WHEREAS, the Disney/Universal Action and the Warner Bros. Discovery Action are both pending before Judge John A. Kronstadt;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve a "common question of law or fact" and a court may consider several factors that would affect the litigation including the burden on parties, witnesses, judicial resources, the risk of inconsistent adjudications, the potential for prejudice, and the risk of delaying trial;

WHEREAS, the Parties seek to consolidate the Disney/Universal Action and the Warner Bros. Discovery Action pursuant to Rule 42(a), although there is a dispute regarding the appropriate case schedule that the Court should enter upon consolidation, as explained below;

WHEREAS, the Disney/Universal Action and the Warner Bros. Discovery Action involve similar facts and circumstances, share similar causes of action, would require the Court to make similar determinations of law and fact, and as such, satisfy the requirement for consolidation under Rule 42(a);

WHEREAS, subject to the dispute below over the case schedule, the Parties agree that consolidating the Disney/Universal Action and the Warner Bros. Discovery Action would serve the interests of justice.  The consolidation increases judicial efficiency, avoids duplicative evidence, procedures, and inconsistent adjudications, precludes waste, and alleviates potential burdens to the Court and all parties involved;

WHEREAS, this Court entered its Order Setting Scheduling Conference in the Disney/Universal Action on August 7, 2025 (ECF No. 21), the Parties in the Disney/Universal Action had their initial conference of counsel on October 1, 2025 and propounded written discovery on each other in early October;

WHEREAS, the Court entered its Order Setting Scheduling Conference in the Warner Bros. Discovery Action on October 14, 2025 (ECF No. 20);

WHEREAS, the Parties in the Warner Bros. Discovery Action agreed to begin discovery on October 22, 2025 and exchanged initial disclosures on October 31, 2025;

WHEREAS, a Scheduling Order has not yet been entered in either case;

WHEREAS, the Parties in the Disney/Universal Action filed their Joint Rule 26(f) Report on October 22, 2025 (ECF No. 27) in which the Parties set forth their respective positions on the case schedule and discovery limits for the proposed consolidation action as the Parties have not reached an agreement on these issues. The Parties refer the Court to Sections G(1) (pages 7-12); J(1) (pages 13-14) (scope of discovery topics); and J(5) (pages 14-17) of the Joint Report for their positions on the schedule and discovery limitations, respectively. A copy of that report is attached hereto as Exhibit A for the Court's ease of reference; and

WHEREAS, the Parties agree that the scheduling order that the Court will enter in response to the Joint Rule 26(f) Report filed in the Disney/Universal Action shall govern this consolidated action.

**NOW, THEREFORE**, the Parties hereby do stipulate, agree, and request the Court order as follows:

1. The Disney/Universal Action and Warner Bros. Discovery Action cases shall be consolidated for all purposes including trial, pursuant to Federal Rule of Civil Procedure 42(a);

2. All subsequent pleadings, motions, and other documents shall be filed in the earliest filed case, the Disney/Universal Action, Case No. 2:25-cv-05275-JAK-AJR, which shall serve as the lead case.

3. The case shall proceed as *Disney Enterprises, Inc., Universal City Studios Productions LLLP, Warner Entertainment Inc., et. al. v. Midjourney, Inc*. under the following case caption:

DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, WARNER BROS. ENTERTAINMENT INC., et al.,

        Plaintiffs,

  v.

MIDJOURNEY, INC.,

        Defendant.

Case No. 2:25-cv-05275-JAK-AJR
Consolidated for all purposes with Case No. 2:25-cv-08376-JAK-E

**[DOCUMENT TITLE]**

4. The scheduling order that the Court will enter in response to the parties' Joint Rule 26(f) Report filed in the Disney/Universal Action shall govern this consolidated action.

**IT IS HEREBY STIPULATED**

Dated: November 4, 2025        JENNER & BLOCK LLP

By:     */s/ David R. Singer*
        David R. Singer
        Julie A. Shepard
        Lauren M. Greene

*Attorneys for Plaintiffs*

Dated: November 4, 2025

By:       */s/ John Paul Oleksiuk*
COOLEY LLP

BOBBY GHAJAR (198719)
(bghajar@cooley.com)
ELLIE DUPLER (337607)
(edupler@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

JUDD D. LAUTER (290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Midjourney, Inc.*

*Pursuant to C.D. Cal. L.R. 5-4.3.4(a)(2)(i), the filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*